IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ------------------------- x | Chapter 11 | |
| In re: : | | |
| : | Case No. 09-10124 (CSS) | |
| GOODY'S, LLC, et al.,[1] : | Jointly Administered | |
| : | | |
| Debtors. : | | |
| : | Re: Docket Nos. 221, 284, 343, 611, 614, 683, 704 and 709 | |
| ------------------------- x | | |

## ORDER (A) APPROVING THE SALE CERTAIN OF THE DEBTORS' INTELLECTUAL PROPERTY (GOODY'S) FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS AND (B) GRANTING RELATED RELIEF

Upon consideration of the motion (the "Motion") of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order, pursuant to §§ 105(a) and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), and Rules 2002, 6004, 9007 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), approving the sale (the "Sale") of certain of the Debtors' intellectual property assets identified in the Agreement (defined below) (collectively, the "Intellectual Property") free and clear of Liens, claims and encumbrances pursuant to that certain asset purchase agreement, dated as of June 22, 2009, a copy of which is attached hereto as Exhibit A, (the "Agreement"),[2] by and between Goody's LLC, NEW GOODY'S MS, LP and Specialty Retailers, Inc. (the "Purchaser"); and the Court having entered on June 8, 2009, its *Third Order (A) Setting (1) Deadline to Bid on Debtors' Interest in Certain Intellectual Property, (2) Date to*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number are: Goody's, LLC (9573); New SYDOOG LLC (2047); New Trebor of TN, LLC (2157); New GOFAMCLO, LLC (2268); New Goody's Giftco, LLC (2366); New Goody's MS, L.P. (2490); New GFCTX, L.P. (2581); New Goody's IN, L.P. (3191); New GFCTN, L.P. (3266); New GFCGA, L.P. (3366); New Goody's ARDC, L.P. (3486); New Goody's Retail MS, L.P. (3527); New Goody's Holding TN, LLC (3620); and New Goody's TNDC, L.P. (3673). The Debtors' executive headquarters' address is 9151 Cross Park Drive, Knoxville, TN 37938.

[2] Unless otherwise stated, all capitalized terms not defined herein shall have the same meaning as set forth in the Agreement and the Motion, and to the extent of any inconsistency, the Agreement shall govern.

DB02:8320880.1    068022.1001

*Conduct an Auction, and (3) Hearing Date for Approval of the Auction and (B) Granting Related Relief* (the "Bidding Procedures Order") [D.I. 704], approving, among other things, certain proposed procedures in connection with the auction (the "Auction") and Sale of the Intellectual Property; and a hearing on the Motion having been held before the Court on June 22, 2009 (the "Sale Hearing"); and the Debtors having further extended the deadline to submit bids on the Intellectual Property to June 15, 2009 at 5:00 p.m. [D.I. 709] and such relief being in the best interests of the Debtors, their estates, creditors, and all parties in interest:

NOW, THEREFORE, upon the entire record of the Sale Hearing and these cases; and after due deliberation thereon; and good cause appearing therefore, IT IS HEREBY FOUND AND DETERMINED THAT:[3]

A. This Court has jurisdiction to hear and determine the Motion pursuant to 28 U.S.C. §§ 157 and 1334.

B. Determination of the Motion is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (N), and (O). Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

C. The statutory predicates for the relief requested herein are §§ 105 and 363 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, and 9014.

D. Based on the representations of the attorneys of the Debtors at the Sale Hearing, (i) proper, timely, adequate and sufficient notice of the Motion, the Auction, the Sale Hearing, and the Sale has been provided in accordance with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Bidding Procedures Order, (ii) such notice was good, sufficient, and

---

[3] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

appropriate under the circumstances of these cases, and (iii) no other or further notice of the Motion, the Auction, the Sale Hearing, the Sale, or the entry of this Order is required.

E. As demonstrated by (i) the testimony and other evidence proffered or adduced at the Sale Hearing and (ii) the representations of the Debtors' attorneys made on the record at the Sale Hearing, the Debtors and Streambank the court-approved advisor to the Debtors with respect to the sale of the Intellectual Property, , have marketed the Intellectual Property and conducted the Sale process in compliance with the Bidding Procedures Order, fairly, and with adequate opportunity for interested parties to submit bids.

F. A reasonable opportunity to object or be heard regarding the relief requested in the Motion has been afforded to all interested persons and entities, including: (i) the U.S. Trustee; (ii) counsel to the Prepetition Secured Lenders; (iii) counsel to the Committee; (iv) all persons or entities known to the Debtors that have or have asserted an interest in, a lien on, or security interest in, all or any portion of the Intellectual Property; and (v) all parties who have filed requests for notice under Bankruptcy Rule 2002.

G. The transfers of the Intellectual Property pursuant to the Agreement: (i) are or will be legal, valid, and effective transfers of property or rights of or to such Intellectual Property to the Purchaser thereof and (ii) vest or will vest the Purchaser with good, valid, and marketable title in and to the Intellectual Property and all the right, title, and interest of the Debtors in and to such Intellectual Property, free and clear of the following (collectively, the "Adverse Interests"): all adverse interests of any kind or nature whatsoever, all debts arising under or out of, in connection with, or in any way relating to, the Debtors or any acts of the Debtors, any and all Liens, claims, encumbrances, pledges, security interests, rights, causes of action (whether in law or in equity), obligations, demands, guaranties, contractual commitments (whether written or

3

oral), restrictions, interests and matters of any kind or nature whatsoever, whether known or unknown, and whether contingent, unliquidated or disputed, whether arising prior to or subsequent to the commencement of these cases, and whether imposed by agreement, understanding, law, equity or otherwise, except as, and to the extent, expressly provided in the Agreement.

H.   The Sale of the Intellectual Property pursuant to the Agreement and all transactions related thereto reflect the exercise of the Debtors' sound business judgment. There are compelling circumstances for the Sale other than in the ordinary course of business under 11 U.S.C. § 363(b) because, among other things, the immediate consummation of the Sale of the Intellectual Property is necessary and appropriate to maximize the value of the Debtors' estates, and the Sale of the Intellectual Property will provide the means for the Debtors to maximize distribution to creditors.

I.   The Debtors have (i) full corporate power and authority to execute and deliver the Agreement and all other documents contemplated thereby, and the Debtors' Sale of the Intellectual Property has been duly and validly authorized by all necessary corporate action of the Debtors, (ii) all of the corporate power and authority necessary to consummate the transactions contemplated by the Agreement, and (iii) taken all corporate action necessary to authorize and approve the Agreement and the consummation of the transactions contemplated thereby. No consents or approvals, other than those expressly provided for in the Agreement, are required for the Debtors to consummate such transactions. The Debtors are authorized without further action or approval to take all action that is necessary to deliver all such other documents as may be necessary to effectuate the transactions contemplated in the Agreement including, but

not limited to, delivery documents necessary to register the Intellectual Property in the name of the Purchaser.

J. Approval of the Agreement and the consummation of the Sale of the Intellectual Property and the other transactions contemplated thereby are in the best interests of the Debtors, their estates, creditors and other parties in interest. Good and sufficient business justification for consummating the Sale of the Intellectual Property pursuant to §§ 105(a) and 363 of the Bankruptcy Code has been established because, among other things: (i) the Debtors, in their sound business judgment, have determined that the Sale of the Intellectual Property is necessary to maximize the value of their estates, and (ii) unless the Sale of the Intellectual Property to the Purchaser are concluded expeditiously as provided for in the Motion and pursuant to the Agreement, creditors' recoveries may be diminished.

K. The terms and conditions of the Agreement are fair and reasonable. The purchase price (the "Purchase Price") set forth in the Agreement: (i) represents the highest and best offer for Intellectual Property to be sold pursuant thereto, (ii) is fair and reasonable, and (iii) will provide a greater recovery for creditors than would be provided by any other practical available alternative.

L. The holders of liens on the Intellectual Property that did not object, or that withdrew their objections, to the Sale or the Motion are deemed to have consented pursuant to 11 U.S.C. §§ 105 and 363(f)(2).

M. The Debtors may sell the Intellectual Property free and clear of all Adverse Interests because, in each case, one or more of the standards set forth in § 363(f)(1)–(5) of the Bankruptcy Code has been satisfied.

N.  The Purchaser would not have entered into the Agreement and would not consummate the transactions contemplated thereby, thus adversely affecting the Debtors, their estates, and their creditors, if the Sale of the Intellectual Property were not free and clear of all Adverse Interests, or if the Purchaser would, or in the future could, be liable for any of the Adverse Interests.

O.  Other than as set forth in the Agreement, the (i) transfer of the Intellectual Property to the Purchaser, and (ii) the assumption by the Purchaser of the Assumed Liabilities (as defined in the Agreement) do not and will not subject the Purchaser or any of the Intellectual Property to any agreements, contractual obligations, claims or liabilities arising under or out of, in connection with or in any way relating to the ownership or operation of the Debtors or the Intellectual Property prior to the Closing Date (as defined in the Agreement).

P.  The Agreement was negotiated, proposed, and entered into by the Debtors and the Purchaser without collusion, in good faith, and from arm's-length bargaining positions. The Purchaser is a purchaser in good faith under § 363(m) of the Bankruptcy Code and, as such, in entitled to the protections afforded by § 363(m) of the Bankruptcy Code. The Purchaser will be acting in good faith within the meaning of § 363(m) of the Bankruptcy Code in closing the transactions contemplated by the Agreement at any time after entry of this Order. Based upon the record before the Court, neither the Debtors nor the Purchaser has engaged in any conduct that would cause or permit the Agreement or the transactions contemplated thereby to be avoided under § 363(n) of the Bankruptcy Code. The Purchaser is not an "insider" as that term is defined in § 101(31) of the Bankruptcy Code.

Q. The Agreement was not entered into for the purpose of hindering, delaying, or defrauding creditors under the Bankruptcy Code or under the laws of the United States, any state, territory, possession, or the District of Columbia. Neither the Debtors nor the Purchaser is entering into the transactions contemplated by the Agreement fraudulently.

R. Time is of the essence in closing the Sale and the Debtors and the Purchaser intend to close the Sale as soon as possible.

**NOW THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Motion is granted.

2. All objections to the Motion or the relief requested therein or to the Sale of the Intellectual Property that have not been withdrawn, waived, settled, or specifically addressed in this Order, and all reservation of rights included in such objections, are overruled in all respects on the merits.

3. The Agreement (and each of the transactions contemplated thereby) is approved in its entirety subject to the provisions of this Order.

4. Pursuant to §§ 105, 363(b) and 363(f) of the Bankruptcy Code, the Debtors are authorized and directed to sell and transfer the Intellectual Property under the terms of the Agreement to the Purchaser, free and clear of any and all liens, claims and encumbrances, including, without limitation, Adverse Interests, and the Purchaser shall take title to and possession of the Intellectual Property, free and clear of all Adverse Interests of any kind or nature whatsoever.

5. As of the Closing Date, the transactions contemplated by the Agreement effect a legal, valid, enforceable, and effective sale and transfer of each of the Intellectual Property to the

Purchaser thereof, and shall vest Purchaser with good and marketable title to such Intellectual Property free and clear of all Adverse Interests.

6. This Order shall be effective as a determination that, on the Closing Date, all Adverse Interests of any kind or nature whatsoever existing as to the Debtors or the Intellectual Property prior to the Closing Date have been unconditionally released, discharged, and terminated, and that the conveyances have been effected.

7. The Debtors, their officers, employees, and agents and the Purchaser are authorized and directed to execute and deliver, and empowered to perform under, consummate and implement, the Sale of the Intellectual Property, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Agreement, and to take all further actions as may be requested by the Purchaser for the purposes of assigning, transferring, granting, conveying, conferring or reducing to possession the Intellectual Property to the Purchaser thereof, or as may be necessary or appropriate to the performance of the obligations as contemplated by the Agreement. The Purchaser and the Debtors are hereby authorized to take or refrain from taking any and all steps necessary to effectuate, consummate, and/or implement the terms of this Order.

8. From and after entry of this Order, each of the Debtors' creditors is authorized and directed to execute such documents and take all other actions as may be reasonably necessary to release its interest in the Intellectual Property, if any, as such interests may have been recorded or may otherwise exist.

9. This Order shall be binding and shall govern the acts of all entities, including, without limitation, all filing agents, filing officers, administrative agencies, federal, state or local governmental departments or agencies, secretaries of state, federal, state, and local officials, and

all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments.

10. From and after the Closing Date, this Order shall be construed and shall constitute, for any and all purposes, a full and complete general assignment, conveyance, and transfer of the Debtors' interests in the Intellectual Property. Each and every federal, state, and local governmental agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the Sale of the Intellectual Property.

11. The consideration provided by the Purchaser to the Debtors pursuant to the Agreement for its purchase of the Intellectual Property constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code, the Uniform Fraudulent Transfer Act and the Uniform Fraudulent Conveyance Act, and under the laws of the United States, any state, territory, possession, or the District of Columbia.

12. Except as expressly permitted by the Agreement or by this Order, all persons and entities, including, but not limited to, all debt security holders, equity security holders, governmental, tax, and regulatory authorities, lenders, trade creditors, litigation claimants, and other creditors, holding Adverse Interests or claims of any kind or nature whatsoever against or in the Debtors or the Debtors' interests in the Intellectual Property (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or noncontingent, liquidated or unliquidated, senior or subordinated, arising under or out of, in connection with, or in any way relating to, the Debtors, the Intellectual Property, the operation of the Debtors' businesses before the Closing Date or the transfer of the Debtors' interests in the Intellectual Property to the Purchaser, shall be and hereby are forever barred, estopped, and permanently enjoined from asserting, prosecuting, or otherwise pursuing against the Purchaser, its property, its successors

and assigns, its affiliates or the interests of the Debtors in such Intellectual Property, such persons' or entities' Adverse Interests or claims. All such Adverse Interests or claims, if any, shall be and hereby are transferred and attached to the Debtors' interests in the Sale proceeds as provided in this Order in the order of their priority, with the same validity, force, and effect which they have against the Intellectual Property as of the Closing Date, subject to any rights, claims, and defenses that the Debtors' estates and Debtors, as applicable, may possess with respect thereto.

13. Following the Closing Date, except as expressly provided for herein, no holder of an Adverse Interest against the Debtors shall interfere with the Purchaser's title to or use and enjoyment of the Intellectual Property transferred to the Purchaser based on or related to such Adverse Interests, or any actions that the Debtors may take in their cases.

14. Neither the Purchaser nor any of its affiliates, successors or assigns shall, as a result of the consummation of the Sale of the Intellectual Property be or be deemed to: (i) be a successor to the Debtors or their estates, (ii) have, de facto or otherwise, merged or consolidated with or into the Debtors or their estates, or (iii) be a continuation or substantial continuation of the Debtors or any enterprise of the Debtors.

15. Except for the Assumed Liabilities (as defined in the Agreement), the transfer of the Intellectual Property to the Purchaser of the Intellectual Property shall not result in the Purchaser, its affiliates, members, or shareholders, or the Intellectual Property, (i) having any liability or responsibility for any claim against the Debtors or against an insider of the Debtors, (ii) having any liability whatsoever with respect to, or being required to satisfy in any manner, whether at law or in equity, whether by payment, setoff, or otherwise, directly or indirectly, any

interest or Excluded Liability (as defined in the Agreement), or (iii) having any liability or responsibility to the Debtors except as is expressly set forth in the Agreement.

16. Without limiting the effect or scope of the foregoing, as a result of the closing of the Sale of the Intellectual Property, no Purchaser shall have successor or vicarious liabilities of any kind or character, including, but not limited to, any theory of antitrust, environmental, successor or transferee liability, labor law, de facto merger or substantial continuity, whether known or unknown as of the Closing Date, now existing or hereafter arising, whether asserted or unasserted, fixed or contingent, liquidated or unliquidated, with respect to the Debtors or any obligations of the Debtors arising prior to the Closing Date, including, but not limited to, liabilities on account of any taxes arising, accruing, or payable under, out of, or in connection with the Intellectual Property prior to the Closing Date.

17. The Agreement and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto after consultation with the Committee in accordance with the terms thereof without further order of this Court, <u>provided</u> that any such modification, amendment, or supplement (i) is filed with the Court, (ii) is not material and adverse to the Debtors or any other party in interest, and/or (iii) is to reflect the terms and provisions of this Order, and <u>provided further</u> that no such modification will impair the rights otherwise accorded to any governmental unit in this Order.

18. All entities that are presently, or on the Closing Date may be, in possession of some or all of the Intellectual Property are hereby directed to surrender possession of the Intellectual Property to the Purchaser on the Closing Date.

19. This Order and the Agreement (i) shall be specifically performable and enforceable against and binding upon, and not subject to rejection or avoidance by, the Debtors

11

DB02:8320880.1 068022.1001

or any subsequent chapter 11 or chapter 7 trustee who may be appointed in these cases or any succeeding chapter 7 cases, and (ii) shall inure to the benefit of the Debtors, their estates, their creditors, the Purchaser, and the respective successors and assigns of each of the foregoing.

20. The stay provided under Bankruptcy Rule 6004(h) and any provision of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, is waived and accordingly, (i) no stay shall apply to any transaction contemplated under the Agreement, and (ii) this Order shall be immediately effective and enforceable upon entry.

21. Each transaction contemplated by the Agreement is undertaken by the Purchaser and the Debtors in good faith as that term is used in § 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale of the Intellectual Property shall not affect the validity of such Sale to the Purchaser, unless such authorization is duly stayed pending such appeal. The Purchaser is a purchaser in good faith of the Intellectual Property purchased by such Purchaser and is entitled to all of the protections afforded by § 363(m) of the Bankruptcy Code.

22. The Agreement and the transactions contemplated thereby are not subject to avoidance pursuant to § 363(n) of the Bankruptcy Code.

23. In the event of a conflict between the Agreement and this Order, this Order shall control.

24. The Court shall retain jurisdiction over the parties to enforce this Order, the Agreement, all amendments or modifications to any of the foregoing, any waivers and consents thereunder, and of each of the agreements executed in connection therewith in all respects, and to

determine disputes thereunder, and to protect the Purchaser against any Adverse Interests upon the Intellectual Property transferred to the Purchaser.

25. Nothing contained in any plan of liquidation confirmed in the Debtors' cases or any order of this Court confirming such plan or any other order in these cases (including any order entered after any conversion of a case of any of the Debtors to a case under chapter 7 of the Bankruptcy Code) shall alter, conflict with or derogate from the provisions of the Agreement or the terms of this Order.

26. The failure to include any particular provisions of the Agreement in this Order shall not diminish or impair the effectiveness of such provisions, it being the intent of the Court that the Agreement be authorized and approved in their entirety.

Dated: Wilmington, Delaware
June 22, 2009

Christopher S. Sontchi
United States Bankruptcy Judge