IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------- x

In re:                                           Chapter 11

GOODY'S, LLC, et al.,[1]                Case No. 09-10124 (CSS)

                Debtors.                       Jointly Administered

                                          RE: Docket Nos. 980, 996, and 997

------------------------------------------------------------- x

**ORDER: (I) APPROVING DISCLOSURE STATEMENT; (II) ESTABLISHING PROCEDURES FOR SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT THE PLAN, INCLUDING (A) APPROVING FORM AND MANNER OF SOLICITATION PACKAGES; (B) APPROVING THE FORM AND MANNER OF NOTICE OF THE CONFIRMATION HEARING; (C) ESTABLISHING RECORD DATE AND APPROVING PROCEDURES FOR DISTRIBUTION OF SOLICITATION PACKAGES; (D) APPROVING FORM OF BALLOT; (D) ESTABLISHING DEADLINE FOR RECEIPT OF BALLOTS; AND (E) APPROVING PROCEDURES FOR VOTE TABULATIONS; (III) ESTABLISHING DEADLINE AND PROCEDURES FOR FILING OBJECTIONS TO CONFIRMATION OF THE PLAN; AND (IV) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of above-captioned debtors and debtors in possession (collectively, the "Debtors"), for the entry of an order pursuant to §§ 1125 and 1126 of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rules 2002, 3016, 3017 and 3020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 3017-1(a) and 3017-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") (i) approving the form and manner of the Debtors' proposed

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number are: Goody's, LLC (9573); New SYDOOG LLC (2047); New Trebor of TN, LLC (2157); New GOFAMCLO, LLC (2268); New Goody's Giftco, LLC (2366); New Goody's MS, L.P. (2490); New GFCTX, L.P. (2581); New Goody's IN, L.P. (3191); New GFCTN, L.P. (3266); New GFCGA, L.P. (3366); New Goody's ARDC, L.P. (3486); New Goody's Retail MS, L.P. (3527); New Goody's Holding TN, LLC (3620); and New Goody's TNDC, L.P. (3673). The Debtors' address is 504 Rolling Creek Road, Knoxville, TN 37934

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

solicitation packages relating to the *Debtors' First Amended Plan of Liquidation Pursuant to Chapter 11 of the United States Bankruptcy Code* [D.I. 996], dated December 23, 2009 (as amended, modified or supplemented from time to time, the "Plan") and the accompanying *First Amended Disclosure Statement for the Debtors' First Amended Plan of Liquidation Pursuant to Chapter 11 of the United States Bankruptcy Code* [D.I. 997], dated December 23, 2009 (including all exhibits thereto and as amended, modified or supplemented from time to time and in substantially the form annexed hereto as Exhibit 1, the "Disclosure Statement") (ii) approving the form and manner of notice of the hearing to consider confirmation of the Plan (the "Confirmation Hearing"); (iii) establishing a record date and approving procedures for distributing solicitation packages; (iv) approving form of ballots; (v) establishing the last date for the receipt of ballots; (vi) approving procedures for tabulating acceptances and rejections of the Plan; (vii) establishing a deadline and procedures for filing objections to confirmation of the Plan; and (viii) granting related relief; and it appearing that adequate and sufficient notice of the Motion has been given under the circumstances; and it further appearing that adequate and sufficient notice, pursuant to Bankruptcy Rule 2002(b), of the hearing to approve the Disclosure Statement has been given; and after a hearing held on December 28, 2009; and after due deliberation and upon the Court's determination that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors and other parties in interest; and sufficient cause appearing thereof,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is granted as provided herein, and the Disclosure Statement is approved as containing adequate information within the meaning of § 1125 of the Bankruptcy Code.

2. The Debtors shall mail or caused to be mailed to creditors entitled to vote on the Plan (including creditors holding claims subject to pending objections), not later than January 22, 2010, a solicitation package containing: (a) written notice (the "Confirmation Notice"), substantially in the form annexed to the Motion as Exhibit A, of (i) the Court's approval of the Disclosure Statement, (ii) the deadline for voting on the plan, (iii) the deadline to file Bankruptcy Rule 3018(a) motions, (iv) the date of the Confirmation Hearing, and (vi) the deadline and procedures for filing objections to the confirmation of the Plan, which Confirmation Notice is approved; (b) the Disclosure Statement (together with the Plan annexed thereto as Exhibit A), either in paper copy or in "PDF" format on a CD-ROM, in the Debtors' discretion; and (c) a ballot (in the appropriate form annexed to the Motion as Exhibit B) and a ballot return envelope (collectively, the "Solicitation Package"). The Solicitation Package and the manner of service of the Solicitation Package satisfy the requirements of Bankruptcy Rule 3017(d).

3. The Debtors shall include with each Solicitation Package mailed to holders of Class 3 Unsecured Claims a cover letter from the Committee substantially in the form attached hereto as Exhibit 2.

4. The Debtors shall include with each Solicitation Package mailed to holders of Class 5B WARN Act (Class) Claims a cover letter from WARN Act Counsel substantially in the form attached hereto as Exhibit 3.

5. Pursuant to Bankruptcy Rule 3017(d), the Debtors are not required to transmit a Solicitation Package to the Unimpaired Parties or the holders of Class 4 Equity Interests. The Debtors shall mail or cause to be mailed to Unimpaired Parties and the holders of Class 4 Equity Interests, not later than January 22, 2010, the Plan Confirmation Notice substantially in the form attached to the Motion as Exhibit C.

6.      December 28, 2009 is established as the record date (the "Record Date") for the purposes of determining creditors entitled to receive the Solicitation Package and to vote on the Plan and the Unimpaired Parties entitled to receive the Plan Confirmation Notice.

7.      On or before January 22, 2010, the Debtors will cause the Plan Confirmation Notice to be mailed to known record holders, as of December 28, 2009, of the Class 4 Equity Interests, together with a cover letter to such holders directing such record holders to promptly forward the Plan Confirmation Notice to the beneficial holders of the Equity Interests for which they serve as record holder.

8.      Logan & Company, Inc. shall serve as the tabulator of the ballots and certify to the Court the results of the balloting.

9.      The Debtors are permitted to dispense with the mailing of Solicitation Packages or Plan Confirmation Notices to addresses and entities to which the notice of the Disclosure Statement hearing was returned by the United States Postal Service as undeliverable, unless the Debtors are provided with an accurate address prior to the commencement of the Disclosure Statement Hearing.

10.     The ballots, substantially in the forms annexed to the Motion as Exhibit B, are hereby approved.

11.     All ballots must be properly executed, completed and delivered to the Solicitation Agent at Logan & Company, Inc., Goody's LLC Balloting Center, 546 Valley Road, Upper Montclair, New Jersey 07043 (the "Ballot Tabulation Center") so that the ballots are received on or before 4:00 p.m. Eastern Time, February 19, 2010 (the "Voting Deadline"). Ballots cast by facsimile or email will not be counted. The Voting Deadline may be extended by agreement of the Debtors or leave of the Court for cause shown.

12. The Debtors Exclusive Period is extended through and including the Voting Deadline.

13. Holders of claims in Class 3 that have not been paid and have either (i) been scheduled as liquidated, undisputed, and not contingent, or (ii) have filed a proof of claim on or before the bar dates set by the Bar Date Orders that is not subject to any pending objection by the Debtors as of January 25, 2010 are provisionally allowed for purposes of voting as a creditor to accept or reject the Plan.

14. The amount of a claim used to tabulate acceptance or rejection of the Plan shall be either:

   a. The claim listed in the Debtors' schedules of liabilities, provided that (i) such claim is not scheduled as contingent, unliquidated, undetermined or disputed and (ii) no proof of claim has been timely filed (or otherwise deemed timely filed by the Court under applicable law); or

   b. The non-contingent liquidated amount specified in a proof of claim timely filed with the Court or Logan (or otherwise deemed timely filed by the Bankruptcy Court under applicable law) to the extent the proof of claim is not the subject of an objection filed on or before January 25, 2010 (or, if such claim has been resolved pursuant to a stipulation or order entered by the Bankruptcy Court, the amount set forth in such stipulation or order); or

   c. If a proof of claim has been timely filed and is the subject of an objection filed on or before January 25, 2010, in the amount provided for in such claim objection, if any,[3] or such other amount as is temporarily allowed by the Court for voting purposes, pursuant to paragraph 13 of this Order; or

   d. If a proof of claim has been timely filed by an alleged creditor whose claim (a) is not listed in the Debtors' schedules of liabilities or (b) is listed as disputed, contingent and/or unliquidated in the Debtors' schedules of liabilities, but who has timely filed a proof of claim that is contingent or in an unliquidated or unknown amount, and which proof of claim is not the subject of an objection filed on or before January 25, 2010, in the amount of $1.00 or such other amount as is temporarily allowed by the Court for voting purposes, pursuant to paragraph 13 of this Order.

---

[3] If the objection seeks to disallow the claim in full, then the ballot shall not be counted.

15. Any creditor whose (i) timely filed proof of claim is the subject of a pending objection filed on or before January 25, 2010 who wishes to have its claim allowed for voting purposes in an amount different from the amount provided for in such claim objection, or (ii) timely filed proof of claim is filed as contingent and/or unliquidated and is not the subject of a pending objection filed on or before January 25, 2010 and who wishes to have its claim allowed for voting purposes in an amount greater than $1.00, must file, on or before February 5, 2010, at 4:00 p.m., a motion pursuant to Bankruptcy Rule 3018(a) for temporary allowance of its claim for voting purposes only (a "Determination Motion"). The Court will conduct a hearing on any Determination Motion filed on or before February 5, 2010 at a hearing to be held prior to the Confirmation Hearing as may be scheduled by the Court. If a Determination Motion is filed, the ruling by the Court on the Determination Motion shall be considered a ruling with respect to the allowance of the claim(s) under Bankruptcy Rule 3018(a) and such claim(s) shall be counted, for voting purposes only, in the amount determined by the Court. The filing of a Determination Motion or a ruling by the Court thereon, shall not affect any pending objection filed to such claim or the Debtors' rights or ability to later object to such claim(s) for any other purposes, including distribution under the Plan. A creditor filing a Determination Motion shall return its ballot by the Voting Deadline, and its vote will be counted, if at all, in the amount determined by the Court.

16. The following voting procedures and standard assumptions shall be used in tabulating the ballots:

    a. For purposes of the numerosity requirement of § 1126(c) of the Bankruptcy Code, separate claims held by a single creditor in a particular class will be aggregated as if such creditor held one claim against the Debtors in such class, and the votes related to such claims will be treated as a single vote to accept or reject the Plan.

b. Creditors must vote all of their claims within a particular class either to accept or reject the Plan and may not split their vote. Accordingly, a ballot (or multiple ballots with respect to multiple claims within a single class) that partially rejects and partially accepts the Plan will not be counted.

c. Ballots that fail to indicate an acceptance or rejection of the Plan or that indicate both acceptance and rejection of the Plan, but which are otherwise properly executed and received prior to the Voting Deadline, will not be counted.

d. Only ballots that are timely received with original signatures will be counted. Unsigned ballots will not be counted. Facsimile and email ballots will not be counted unless the claimant receives the written consent of the Debtors.

e. Creditors entitled to vote on the Plan may change their votes prior to the Voting Deadline by submitting a new properly completed and executed ballot that is actually received prior to the Voting Deadline. Whenever a creditor casts more than one ballot voting the same claim or interest prior to the Voting Deadline, the last ballot received prior to the Voting Deadline shall be deemed to reflect the voter's intent and supercede any prior ballots. After the Voting Deadline, creditors may only change their vote with leave of Court for cause shown or by consent of the Debtors.

17. The following types of ballots will not be counted in determining whether the Plan has been accepted or rejected: (a) any ballot received after the Voting Deadline, unless the Debtors have granted an extension of the Voting Deadline with respect to such ballot or the Voting Deadline has been extended by leave of the Court for cause shown; (b) any ballot that is illegible or contains insufficient information to permit the identification of the creditor; (c) any ballot cast by a person or entity that does not hold a claim in a class that is entitled to vote to accept or reject the Plan; (d) any ballot cast for a claim identified as unliquidated, contingent or disputed for which no proof of claim was timely filed; (e) any facsimile ballot; and (f) any unsigned ballot.

18. Any objection, comment or response to confirmation of the Plan (including any supporting memoranda) must be in writing, served on the parties identified below,

and filed with the Court, together with proof of service, such that they are received by such parties and the Court on or before 4:00 p.m. Eastern Time on February 19, 2010. The Court shall consider only timely filed written objections. All objections not timely filed and served in accordance with the provisions of this Motion are hereby deemed waived. Objections to confirmation of the Plan shall be served on the following parties: (i) the Debtors – Goody's, LLC, 504 Rolling Creek Road, Knoxville, Tennessee 37934, Attn: David G. Peek; (ii) Counsel for the Debtors – Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, Wilmington, Delaware 19801, Attn: M. Blake Cleary, Esq.; (iii) Counsel for the Committee – Cooley, Godward Kronish LLP, The Grace Building, 1114 Avenue of the Americas, New York, NY 10036-7798, Attn: Cathy Hershcopf, Esq., and (iv) the Office of the United States Trustee, 844 N. King Street, Room 2207, Lock Box 35, Wilmington, Delaware 19801, Attn: Joseph McMahon, Esq. Any party supporting the Plan shall be afforded an opportunity to file a response to any objection to confirmation of the Plan no later than twenty-four hours prior to the Confirmation Hearing, including any adjournments thereof.

19. A hearing shall be held before this Court on March 3, 2010 at 9:00 a.m. (ET), at the United States Bankruptcy Court for the District of Delaware, 824 N. Market Street, 5th Floor, Courtroom No. 6, Wilmington, Delaware 19801, or as soon thereafter as counsel can be heard (the "Confirmation Hearing"), to consider confirmation of the Plan.

20. The Confirmation Hearing may be adjourned from time to time without further notice to creditors and other parties-in-interest other than by an announcement of the adjourned date at the Confirmation Hearing of any adjournment thereof.

21. Prior to mailing the Disclosure Statement, the Debtors may fill in any missing dates and other information, correct any typographical errors and make such other non-material, non-substantive changes thereto as they deem appropriate.

22. This Court shall retain jurisdiction over all matters related to or arising from the Motion or the interpretation or implementation of this Order.

Dated: Wilmington, Delaware
January 7, 2010

Christopher S. Sontchi
United States Bankruptcy Judge